UNITED STATES of America,
Plaintiff–Appellee,

v.

David O. CARMANY,
Defendant–Appellant.

No. 89–2651.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 16, 1990.

Decided April 26, 1990.

Charles Goodloe, Jr., Asst. U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Ferd Samper, David E. Cook, Samper, Hawkins, Atz & Cook, Indianapolis, Ind., for defendant-appellant.

Before BAUER, Chief Judge, and CUDAHY and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

On November 4, 1983, agents of the Federal Bureau of Investigation obtained a search warrant for the residence/office of David Carmany. The search warrant authorized the agents to search for specific records and documents, as well as drugs or evidence of drugs. The agents executed the warrant and during the search, Agent Brown opened a filing cabinet drawer in Carmany's office and discovered a firearms silencer. Upon further inspection, Brown noted that it did not have a serial number. Carmany, who was present at the search, confirmed that it was a silencer, but stated it was manufactured in 1942 by his father who used it for squirrel hunting. Continuing to search, Brown also discovered a rifle which appeared to fit the silencer.

Although the agents did not find evidence in accordance with the search warrant, they seized the silencer pursuant to the plain view doctrine. Testing by the Bureau of Alcohol, Tobacco and Firearms, confirmed that it was indeed a firearms silencer and further investigation by the National Firearms Registration and Transfer Record indicated the silencer was not registered. In October of 1988, Carmany was indicted by a grand jury for knowingly possessing a silencer which had not been registered, in violation of 26 U.S.C. § 5861(d).

The district court denied his motion to suppress the evidence, and found Carmany guilty as charged. Carmany was sentenced to two years probation and ordered to pay a fine of two thousand dollars plus a special assessment fee of fifty dollars. Carmany challenges his conviction on appeal.

## I.

■ Carmany contests the denial of his motion to suppress, specifically, the appropriateness of the FBI's seizure of the silencer under the plain view doctrine.[1] He claims the incriminating nature of the silencer was not readily apparent, and therefore, not within the doctrine of plain view. Consequently, the evidence should have been suppressed.

The doctrine of plain view is an exception to the warrant requirement, allowing law enforcement officers to seize evidence under certain circumstances without first obtaining a warrant. *Coolidge v. New Hampshire*, 403 U.S. 443, 464–65, 91 S.Ct. 2022, 2037–38, 29 L.Ed.2d 564 (1971). "An example of the applicability of the plain view doctrine is the situation in which police have a warrant to search a given area for specified objects, and in the course of the search come across some other article of incriminating character." *Id.* at 465, 91 S.Ct. at 2037. This is the situation we are faced with in this case. The agents, while searching for specified evidence pursuant to a valid warrant, discovered the silencer.

The seizure of evidence pursuant to the doctrine of plain view requires three distinct elements. The law enforcement officer must lawfully be on the premises, the discovery of the evidence must be inadvertent, and the incriminating nature of the property must be immediately apparent to the officer. *Moya v. U.S.*, 761 F.2d 322, 327 (7th Cir.1984) (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 466, 91 S.Ct. 2022, 2038, 29 L.Ed.2d 564 (1971)). Carmany does not dispute the first two elements. The agents were lawfully in Carmany's residence, looking through his filing cabinet, pursuant to a valid search warrant, searching for evidence which related to charges of cocaine distribution and the bribing of a police chief. While searching through a filing cabinet, where one would reasonably expect to find the items listed on the warrant, Agent Brown discovered the silencer. Therefore, the discovery of the silencer by Brown was inadvertent. It is the third element that Carmany argues has not been satisfied.

In this respect, Carmany claims that merely discovering the silencer did not create enough probable cause for the FBI to believe a criminal violation had occurred, and therefore, its incriminating nature was not readily apparent. However, "[t]he phrase 'immediately apparent' does not 'imply that an unduly high degree of certainty as to the incriminatory character of evidence is necessary for an application of the "plain view" doctrine.' The character of the property must be such as to give the officers 'probable cause to associate the property with criminal activity.'" *Moya*, 761 F.2d at 326. (quoting *Payton v. New York*, 445 U.S. 573, 587, 100 S.Ct. 1371, 1380, 63 L.Ed.2d 639 (1980)) (citations omitted). This standard requires a court charged with evaluating the propriety of the seizure to determine whether:

the facts available to the officer would 'warrant a man of reasonable caution in

---

1. The government offers waiver as a ground for resolution of this case. Rather than resolving that issue, we reach the same result and affirm the district court after reaching the merits of Carmany's claims.

**78**

the belief,' that certain items may be contraband [ ...]; it does not demand any showing that such a belief be correct or more likely true than false. A 'practical, non-technical' probability that incriminating evidence is involved is all that is required.

*Texas v. Brown,* 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983) (citations omitted).

In determining whether this standard has been met we review the facts as known by the agents at the time of the seizure. Agent Brown, a seventeen year veteran of the F.B.I., discovered what he recognized to be a silencer in Carmany's filing cabinet. He showed it to Carmany who acknowledged that it was a silencer. Based on his experience as a firearms instructor as well as the lack of serial numbers on the silencer, he concluded the silencer was not registered. We believe that these facts support the conclusion that Brown had enough probable cause to believe the silencer was contraband. *See Arizona v. Hicks,* 480 U.S. 321, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987) (probable cause necessary to seize evidence under plain view doctrine). In fact, Brown's observation of the absence of serial numbers on the silencer, in violation of 26 U.S.C. § 5861(d), made the incriminating nature of the silencer immediately apparent.[2] Therefore, we conclude that all three elements are satisfied and the silencer was properly seized under the doctrine of plain view.

## II.

■ Carmany also contends that the government's decision to wait four years after the discovery of the silencer before charging him with a crime "abused" Congress' intent in passing 26 U.S.C. § 5861(d). The best legal claim we can make out of these allegations is that Carmany is claiming the pre-indictment delay violated his right to due process of law.

■ The statute of limitations is the primary safeguard of a right to a timely indictment. *United States v. Wellman,* 830 F.2d 1453, 1459 (7th Cir.1987). It is undisputed that Carmany was indicted within the applicable statute of limitations. "In some limited circumstances, however, such delay, even though the indictment is filed within the statutory period, may amount to a violation of a defendant's right to a fair trial under the Due Process Clause ... To make out such a claim, there must be: (1) prejudice to the defendant, and (2) an impermissible purpose for the delay." *Id.,* 830 F.2d at 1460.

Reviewing the record, we conclude there has been no prejudice to Carmany under these circumstances. All witnesses and evidence were still available for his defense and Carmany does not allege any other prejudice. Additionally, there was a permissible purpose for the delay as it was asserted during oral argument before this Court that the delay was merely proper prosecutorial discretion. During the period of delay there was an ongoing state murder and molestation case involving Carmany. Under such circumstances, prosecutorial discretion allows the federal prosecutor to await final disposition of those charges before proceeding with federal prosecution. *See United States v. DeMichael,* 692 F.2d 1059, 1062 (7th Cir.1982) (delay of federal prosecution, pending the outcome of a state prosecution involving the same defendant, is nothing more than the exercise of normal prosecutorial discretion). Accordingly, the pre-indictment delay did not violate Carmany's right to due process of law.

## III.

For the reasons stated above, the conviction of David Carmany is AFFIRMED.

---

**2.** The Supreme Court in *U.S. v. Freed,* 401 U.S. 601, 91 S.Ct. 1112, 28 L.Ed.2d 356 (1970), held that the National Firearms Act, and specifically § 5861(d) of that Act, does not require intent or knowledge that the firearms were unregistered. Thus, violation of the Act is a strict liability crime that does not require proof of *mens rea.*

*See also, United States v. Taylor,* 728 F.2d 864, 869 (7th Cir.1984) ("proof that a person actually or constructively possessed an unregistered firearm, in violation of 26 U.S.C. § 5861(d), is sufficient proof that the person 'knowingly possessed' the unregistered firearm in question.")